Ward LAW, J.,
concurring, said: — I think the defendants are sued as individuals, and that any judgment rendered against them on these pleadings must necessarily have been against them personally. If the intention had been to charge them officially, the action should have been against “The *503 Chairman and Commissioners of the New State Capitol,” the body which acted by the will of a majority — a quasi corporation aggregate.
The pleadings, I think, are unobjectionable. The plaintiff alleges that the defendants promised, — they plead the general issue — under that plea it appears, by evidence, that the promises which were made, were made by the defendants as public agents, in other words, by the quasi corporation; the plaintiff may well rebut this, by evidence of anything which shows that the promises were binding on the defendants personally. It was no more necessary for the plaintiff to allege in his declaration the rebutting evidence, than for him to allege the evidence by which the making of the promise was to be shown.
I can see no evidence to show the concurrence of Mr. McCay in any joint promise to the plaintiff, made by the individuals, even if all the others 'became personally liable: and the joinder of too many defendants in an action upon contract is ground for nonsuit. Whatever Mr. McCay did was done in 1854, and was done by him as member of a board, not as an individual, and in exercise of the rightful power of the board to dismiss the plaintiff, not in confirmation of any unofficial agreement, which other members may have previously made with the plaintiff. A resolution, which in form seemed to have been adopted by the board, if it was such as to fix personal liability upon members, would avail only against the individuals who assented to it, and not against all the members of the aggregate body.
I have sought in vain for any evidence which would charge any of these defendants personally. The employment by some of them, in 1851, of an architect to prepare such a plan of a fire-proof building as would render the building fit to become part of a State House, was within the scope of their original appointment, and was approved by the Legislature. The resolution of October, 1858, instead of *504 acknowledging or establishing a personal liability, shows that the contract of plaintiff was with the board, and not with private individuals, and merely asserts the authority of the board and its chairman, over him. The retention of his papers, even if admitted to be tortious, gives no action of assumpsit, against these individuals, for the advantage of it, if any, went not to individuals, but to the State for which they were acting. The appropriations which placed money at the disposal of the board, were not appropriations for the plaintiff, but for the work; and in the disbursement of them, a discretion was' entrusted to public agents, which a Court cannot control.
I concur -in dismissing the motion, but not in all the reasons which have been given for doing so. •

Motion dismissed.